**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD CAMPIGLIA,<br><br>    Plaintiff,<br><br>    v.<br><br>BURLINGTON COUNTY JAIL,<br>(Warden), et al.,<br><br>    Defendants. | Civil No. 11-6300 (NLH)<br><br>**O P I N I O N** |

**APPEARANCES:**

Richard Campiglia, Pro Se
672362/154396C
Southern State Correctional Facility
Unit 9
4295 Route 47
Delmont, NJ 08314

**HILLMAN, District Judge**

　　Plaintiff, a state prisoner confined at the Southern State Correctional Facility, Delmont, New Jersey, brings this civil action alleging violations of his constitutional rights. After his case was administratively terminated for failure to properly apply to proceed in forma pauperis, Plaintiff paid the filing fee, and his case was reopened.

　　At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon

1

which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, the complaint must be dismissed.

## BACKGROUND

Plaintiff seeks to sue the warden of the Burlington County Jail, the Senior Classification Officer and the Records Custodian at the Jail, and the members of the Burlington County Board of Freeholders.  He states that on October 26, 2009, he was sentenced to 120 days of jail time, with 89 days of credit.  However, due to an error in the calculation of his jail credit, Plaintiff was not released until February 2010.  Plaintiff states: "The noted Defendants also claim that the Plaintiff only had 26 days of jail credit for prior service when it should of [sic] actually been 89 days as noted on the Judges [sic] sentencing transcripts."  (Complt., ¶ 13).  He argues that as a result of the defendants' negligence, his constitutional rights were violated.

Plaintiff asks for monetary and other relief.

## DISCUSSION

**A. Legal Standard**

**1. Standards for a *Sua Sponte* Dismissal**

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which

2

a prisoner seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).  This action is subject to sua sponte screening for dismissal under § 1915A because Plaintiff is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held

3

that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S. Ct. at 1948).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See Iqbal, 129 S. Ct. at 1949-50.  See also Twombly, 505 U.S. at 555, & n.3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011).  "A complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

   2.   **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

4

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

**B.    Plaintiff's Claim**

Plaintiff requests monetary relief due to the miscalculation of his jail credits; however, his claim must be dismissed.  In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500. The proper course of action would be the filing of a habeas petition, pursuant to 28 U.S.C. § 2254, after exhaustion of his state court proceedings.

Further, Plaintiff cannot seek monetary relief for an unconstitutional conviction or sentence until that conviction or sentence has been invalidated.  See Heck v. Humphrey, 512 U.S.

477, 489-90 (1994). Here, Plaintiff has not pled that he had any convictions or sentences overturned. Thus, his claims are not ripe for consideration of monetary damages.

## **CONCLUSION**

Based on the foregoing, Plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order accompanies this opinion.

                                                                             s/Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

Dated: August 28, 2012

At Camden, New Jersey